LOUIS E. TORINUS & others *vs.* JOHN MATTHEWS.

Oct. 14, 1874.

Action for Goods Sold—Evidence of Payment for Other Goods Immaterial.—In an action for the value of goods sold and delivered to the defendant, it is immaterial that the plaintiffs have been fully paid for all goods sold by them to a partnership of which the defendant was a member, there being nothing to show that the goods sold to the partnership were the same goods alleged in the complaint to have been sold to the defendant alone.

New Trial Refused—Admission of Immaterial Evidence.—The admission of immaterial evidence, which could not have worked injury to the appellant, is no ground for a new trial.

This action was brought in the district court of Washington county, and was tried before F. M. Crosby, Esq., as referee, who reported a judgment for the plaintiffs and denied a motion for a new trial, whereupon the defendant appealed from the order refusing a new trial.

*Cornman & Lecky* and *H. J. Horn*, for appellant.

*McCluer & Marsh*, for respondents.

YOUNG, J. It is unnecessary to discuss in detail the exceptions taken by the defendant, or the points made by his counsel in support of them. That there was no error in the rulings of the referee is apparent upon an examination of the pleadings.

The complaint states a cause of action, in the nature of *indebitatus assumpsit* for goods sold and money paid to the defendant alone, for his use, and on his individual account. The answer sets up two defences : *first*, a specific denial of each of the allegations of the complaint, except the plaintiffs' partnership ; *second*, new matter pleaded as a defence, to wit, that the defendant and Torinus, one of the plaintiffs, were engaged as partners in logging on the Totogatic River in Wisconsin, in the winter of 1868–9, under the firm name of Torinus & Matthews, the defendant having charge of the logging camp, and Torinus attending to the business of the firm at Stillwater, procuring the supplies, and keeping the books of the firm ; that the logs cut by the firm were sold,

in the spring of 1869, by Torinus to the plaintiffs ; that Torinus and the other plaintiffs, confederating to defraud the defendant of his just share of the partnership property, pretended to sell to the firm of Torinus & Matthews horses and oxen at prices far above their value, and did sell goods to the firm at exorbitant prices, all which were charged against said firm of Torinus & Matthews on the books of the firm by Torinus, with the plaintiffs' knowledge and consent, and for the purpose of defrauding the defendant ; that the plaintiffs, with the same intention of defrauding the defendant, pretended, in the spring of 1869, to purchase the property of the firm for much less than it was worth, and credited the same upon the books of said firm at prices and amounts far less than the just value thereof; that the value of the property sold and delivered, as aforesaid, to the plaintiffs, is more than sufficient to pay in full all just claims of the plaintiffs against the said firm of Torinus & Matthews, including the amount received by the defendant from said firm of Torinus & Matthews, pursuant to the terms of partnership.

The answer contains no averment that the goods alleged to have been sold to the defendant were ever paid for. It does not allege that the goods mentioned in the complaint were among the goods alleged to have been sold to the firm of Torinus & Matthews, or that the payments alleged to have been made by Torinus & Matthews, for the goods sold to them, included, or were intended to include, any payment for the goods mentioned in the complaint. Any enquiry, therefore, into any frauds attending the sale of goods to Torinus & Matthews, or into the state of the accounts between that firm and the plaintiffs, is wholly immaterial in this case. It can make no difference whatever in the plaintiffs' right to recover for goods sold to the defendant, that, in other transactions, not connected with the subject of this action, the plaintiffs have been paid all or more than all that was due them from Torinus & Matthews. The new matter, therefore, alleged in the answer, relating as it does to trans-

actions between the plaintiffs and third persons, is no defence to the action, and its denial raises no material issue.

The only material issues arising on the pleadings are upon the sale and delivery of the goods, and the payment of the money, and upon the value of the goods sold.   None of the evidence offered and excluded had any bearing upon these issues, and it was therefore properly excluded as immaterial, to say nothing of other objections to the ledger entry and to Exhibit C, neither of which has any apparent tendency to prove even the immaterial allegations of new matter in the answer.

As Exhibit C was itself inadmissible as immaterial, the testimony of the plaintiffs that Exhibit C never became a complete and valid contract, was itself immaterial. It could not have prejudiced the defendant; for the only issue upon which Exhibit C was admitted in evidence was found in favor of the defendant.

The order denying a new trial is affirmed.